UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:04MC-38-R

JOSEPH KEVIN BUCKLER                                                                                     PLAINTIFF

v.

UNITED STATES OF AMERICA                                                                        DEFENDANT

### MEMORANDUM OPINION

Defendant has filed a motion for Judgment on the Pleadings (Dkt. # 7). Plaintiff responded (Dkt. # 10), Defendant replied (Dkt. # 12), and this matter is now ripe for adjudication. For the reasons given below, Defendant's motion is **GRANTED**.

### BACKGROUND

Plaintiff Buckler filed the instant miscellaneous civil action seeking to quash 15 summonses issued to various third-party recordkeepers as part of an Internal Revenue Service ("IRS") investigation of Mr. Buckler. The United States filed a motion seeking judgment on the pleadings of 14 of the 15 summonses on the grounds that the Court lacks jurisdiction to quash those summonses because they were issued to recordkeepers located outside this judicial district. Specifically, the United States seeks judgment on the summonses issued to: American Express, American General Financial Services, Bank One, Chrysler Financial, Citi Bank, Fleet, First U.S. Bank, Green Tree Services LLC, Household Bank, Ingersoll-Rand, John Deere Credit, MBNA, Sears Card, and Yamaha Motor Corp. The United States does not seek judgment on the summons issued to PNC Bank, which is headquartered in Louisville, Kentucky and is therefore within this judicial district. The Court had previously denied Plaintiff's Motion to Quash as to

American Express, American General Finance, First USA Bank, Green Tree Services, Ingersoll-Rand, John Deere Credit, MBNA and Yamaha Motor Corporation; therefore, the remaining summonses at issue are those issued to Bank One, Chrysler Financial, Citi Bank, Fleet, Household Bank, and Sears Card.

## DISCUSSION

Mr. Buckler's motion to quash rests on a provision of the Internal Revenue Code, 26 U.S.C. § 7609, which sets forth special procedures to be followed in IRS investigations where third-party summonses are used. Without discussing the substantive standard on which a motion to quash such a summons, the Court agrees that 26 U.S.C. §7609(h) governs its jurisdiction to hear such motions. That statute provides that "[t]he United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g)."[1] The issue before the Court, then, is whether the 6 recordkeepers at issue "reside" or "[are] found" in the Western District of Kentucky. The United States contends that they are not.

It is the Plaintiff's assertion that, because he "belie[ves]" that all fourteen of the recordkeepers at issue are "registered with the Secretary of State to conduct business within Kentucky and has [*sic*] conducted business within this judicial district," they are found within this judicial district and the Court's jurisdiction to quash the summons would be properly exercised as to them. (Plaintiff's Response, Dkt. # 10, at 3). Leaving aside the fact that Plaintiff adduced no evidence to support his assertion that the recordkeepers are so registered and do

---

[1]Although Plaintiff's complaint does not specify that his claim is brought pursuant to the listed subsections, neither party contests the applicability of § 7609(h).

conduct such business, the Court is unable to accept Plaintiff's expansive construction of its jurisdiction without any corroborating law. The Sixth Circuit has clearly stated that

> [b]ecause any exercise of a court's jurisdiction over the United States depends on the United States' consent, the waiver of sovereign immunity in regard to 26 U.S.C. § 7609 must be strictly construed.

*Clay v. United States*, 199 F.3d 876, 879 (6th Cir.1999) (*citing Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir.1985)). In light of the contrary case law, the Court is persuaded that construing § 7609(h) to allow it to exercise jurisdiction over the recordkeepers at issue would not fall within the meaning of that statute. *Kondik v. United States*, 922 F.Supp. 54, 55 (N.D. Ohio 1995), *aff'd*, 81 F.3d 655 (6th Cir. 1996); *Beck v. United States*, 2002 WL 31274016, *1 (E.D. Ky. 2002), *aff'd*, 60 Fed. Appx. 551 (6th Cir. 2003) (*citing Masat v. United States*, 745 F.2d 985 (5th Cir. 1984). Therefore, the Court does not have jurisdiction to quash the summonses served on Bank One, Chrysler Financial, Citi Bank, Fleet, Household Bank, and Sears Card.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Judgment on the Pleadings is **GRANTED**.

**IT IS SO ORDERED.**